## Diggin v. Dore

*Reed, Smith, Shaw & McClay*, for plaintiff.

*Bialas & Ryan*, for defendant.

O'TOOLE, J., July 7, 1950.—This is a rule to show cause why plaintiff should not be permitted to amend his complaint.

The original complaint alleged an oral contract to give or bequeath $2,000 to plaintiff. The proposed amendment alleges the oral contract included a further obligation to give or bequeath to plaintiff one half of the residue of decedent's estate. It does not appear in the pleadings that the oral contract related to real estate.

Defendant objects to the amendment for two principal reasons: First, that a new clause of action is set up; second, that a lien cannot be fixed on the real estate of decedent by a claim made more than one year after the death.

It is modern policy to permit rather than refuse amendments when substantial justice can be had by the permission. Here plaintiff is not changing the cause of action. In his amendment he is relying on the oral contract originally pleaded. He seeks only to alter his allegations as to the terms of the same contract and to increase his measure of damages.

The question of plaintiff's right to a lien by reason of the amendment to his cautionary suit is not properly before us. We are concerned now with plaintiff's right to judgment on proper proof at the trial. The validity of the lien of that judgment, when and if the judgment is had, is a matter to be determined when judgment is sought to be foreclosed.

Plaintiff's rule will be made absolute.